IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| JARELL DAVIS TERRY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 2:18cv00110-JJV |
| | * | |
| PATRICK DRUMMOND, *et al*. | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Plaintiff Jarell Davis Terry brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Angela Mixon was deliberately indifferent to his medical needs.[1] (Doc. Nos. 2, 36). Plaintiff has filed a Motion for Summary Judgment. (Doc. No. 72.) Defendant Mixon has submitted a response (Doc. No. 74) and the matter is ripe for disposition.

**II.    BACKGROUND**

On November 14, 2017, shortly before Plaintiff was incarcerated in the Arkansas Department of Correction ("ADC"), he was shot in the ankle. (Doc. No. 36, at 1.) On or around April 2, 2018, after Plaintiff's transfer from another ADC facility to the East Arkansas Regional Unit, he had surgery to remove bullet and bone fragments from the wound area. (*Id*. at 3.) Before surgery, he allegedly was given a script for "daily dressing changes" for the period of April 2-17. (*Id*. at 4.) He maintains that on April 13, 2018, his ankle was swollen, excreting pus, and had a foul smell. (*Id*.) Plaintiff alleges that Defendant Mixon, a nurse at the East Arkansas Regional Unit, would not see him for treatment, did not follow the script he was given, and refused to change

---

[1] Angela Mixon is the only Defendant remaining in this case. Plaintiff's claims against all other Defendants have been dismissed. (Doc. Nos. 35, 37, 56.)

the dressings on his wound on two separate occasions. (*Id.*) He contends that despite bringing to Defendant Mixon's attention the warning signs of Methicillin-resistant Staphylococcus aureus ("MSRA") infection, Defendant Mixon did not care for his wound properly. (Doc. Nos. 36 at 4, 73 at 2.) Plaintiff maintains that Defendant Mixon's deliberate indifference to his medical needs resulted in an untreated MSRA infection. (Doc. No. 73 at 2.)

### III.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. The prohibition on cruel and unusual punishment gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Dadd v. Anoka County*, 827 F.3d 749, 755 (8th Cir. 2016) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009).

Plaintiff is not entitled to summary judgment on his medical indifference claims for several reasons. As Defendant Mixon noted in her Response to Plaintiff's Motion for Summary Judgment (Doc. No. 74), Plaintiff did not include with his Motion a separate statement of undisputed material

facts.  Local Rule 56.1 requires any party moving for summary judgment to include "a separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried."  LOCAL RULE 56.1(a).  The Local Rules are binding on the parties.  *See Silberstein v. IRS*, 16 F.3d 858, 860 (8th Cir. 1994) (*citing Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105 (8th Cir. 1984)).  Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In addition to being a procedural defect, Plaintiff's omission prevents me from determining which facts he contends are undisputed.

Further, Plaintiff included no medical evidence to support his claims.  For example, Plaintiff asserts Defendant Mixon's deliberate indifference resulted in an untreated MSRA infection, but he did not present evidence that he was diagnosed with MSRA.  Defendant Mixon, however, presented evidence that on May 29, 2018, Dr. Ruth Thomas concluded Plaintiff's wound healed with no evidence of infection.  (Doc. No. 74-3).  A party moving for summary judgment cannot rely on allegations but must present evidence establishing there are no material facts in dispute and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).

Beyond that, discovery in this case is still ongoing.  Defendant Mixon has not yet had the opportunity to depose Plaintiff.  (Doc. No. 74 at 3.)  Discovery should run its course before summary judgment on the merits, in either side's favor, would be appropriate.  *See Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 846 (3d Cir. 1992); FED. R. CIV. P. 56(d).

## V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 72) is DENIED without prejudice.

Dated this 15th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE