IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| JARELL DAVIS TERRY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 2:18cv00110-JJV |
| | * | |
| PATRICK DRUMMOND, *et al*. | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.      INTRODUCTION**

Plaintiff Jarell Davis Terry brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Angela Mixon was deliberately indifferent to his medical needs.[1]  (Doc. Nos. 1, 36, 39). Defendant Mixon has filed a Motion for Summary Judgment.  (Doc. Nos. 111-113.)  Plaintiff has not responded; this matter is now ripe for a decision.  For the reasons set out below, Defendant's Motion (Doc. No. 111) is GRANTED.

**II.     BACKGROUND**

On November 14, 2017, shortly before Plaintiff was incarcerated in the Arkansas Department of Correction ("ADC"), he was shot in the ankle.  (Doc. No. 36 at 1.)  On or around April 2, 2018, after Plaintiff's transfer from another ADC facility to the East Arkansas Regional Unit, he had surgery to remove bullet and bone fragments from the wound area.  (*Id*. at 3.)  Before surgery, he allegedly was given a script for "daily dressing changes" for the period of April 2-17. (*Id*. at 4.)  He maintains that on April 13, 2018, his ankle was swollen, excreting pus, and had a foul smell.  (Doc. No. 36 at 4; ; Doc. No. 39 at 2.)  Plaintiff alleges Defendant Mixon, a nurse at

---

[1] Angela Mixon is the only Defendant remaining in this case.  Plaintiff's claims against all other Defendants have been dismissed.  (Doc. Nos. 35, 37, 56.)

the East Arkansas Regional Unit, would not see him for treatment, did not follow the script he was given, and refused to change the dressings on his wound on two separate occasions. (Doc. No. 36 at 4; ; Doc. No. 39 at 2.) He contends that Defendant Mixon's deliberate indifference to his medical needs resulted in an untreated infection. (Doc. No. 36 at 4.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**IV.     ANALYSIS**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. The prohibition on cruel and unusual punishment gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Dadd v. Anoka County*, 827 F.3d 749, 755 (8th Cir. 2016) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009).

In support of her Motion, Defendant Mixon provided medical records and the opinion of Jeffrey Stieve, M.D.. (Doc. Nos. 113-1, 113-2.) The post-surgery care instructions Plaintiff received specifically directed him not to "get the incision[] wet until the skin has fully healed." (Doc. No. 113-1 at 1.) By Plaintiff's own Complaint, the skin was not fully healed. (Doc. No. 36

at 1.) Rather, according to Plaintiff, his sutures had opened. (*Id.*) Plaintiff complains Defendant Mixon refused to wash his foot (Doc. No. 39; Doc. No. 113-1 at 6) but doing so would have been against doctor's orders. Further, Dr. Stieve also provided that in his opinion, washing Plaintiff's foot was contrary to Plaintiff's post-operative care plan. (Doc. No. 113-2 at 3.) To the extent Plaintiff complains Defendant Mixon failed to wash his foot, he cannot establish deliberate indifference as his treatment plan called for the area to remain dry until fully healed.

Plaintiff also asserts his wound dressing was not changed properly in deliberate indifference to his medical needs. (Doc. No. 36 at 4; Doc. No. 39 at 2.) Medical records confirm that Plaintiff's dressings were changed. (Doc. No. 113-2 at 4 and 5, for example.) Accepting as true Plaintiff's assertion that his dressings were not changed properly, Plaintiff's claim nonetheless fails: he has provided no evidence of the infection from which he claims he suffered as a result of the alleged inadequate medical care.

Multiple providers cared for Plaintiff's wound after his surgery. Encounter notes indicate Plaintiff's wound was healing with no evidence of infection. (Doc. No. 113-1 at 4, 6, 7, 8, 9, 10, among others). For example, Tekelia Williams saw Plaintiff on April 12, 2018, but there are no notes regarding infection. (Doc. No. 113-1 at 6.) Defendant Mixon saw Plaintiff on April 13 and April 14—again, there are no notes regarding infection. (*Id.*) On April 15, Plaintiff appeared for treatment claiming his ankle was infected. (*Id.*) Defendant Mixon observed slight bleeding, but no sign of infection. (*Id.*) On April 16, 2018, Plaintiff complained to Tammy Kimble that his ankle was infected. (*Id.* at 7.) Ms. Kimble inspected the wound area, noted the sutures were still intact, and found no active drainage and no sign of infection. (*Id.*) Again on April 24, Geraldine Campbell noted no infection despite Plaintiff's complaints, as did Amanda Clark on April 28, 2018. (Doc. No. 113-1 at 8, 9.)

4

At this stage, Plaintiff was required to meet proof with proof. To survive summary judgment, his allegations must be supported by evidence creating a genuine issue of material fact. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Plaintiff, however, has failed to provide any evidence and relies on his self-serving statements; he has not established any harm. Accordingly, summary judgment will be entered in Defendant Mixon's favor.

## V.     CONCLUSION

IT IS THEREFORE ORDERED that:

1. Defendant Mixon's Motion for Summary Judgment (Doc. No. 111) is GRANTED.

2. This case is DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

Dated this 6th day of August 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE